NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-81

COMMONWEALTH

vs.

MICHAEL L. ROBBINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his convictions following a jury-waived trial in the District Court on two counts of indecent assault and battery on a child under the age of fourteen, and he appeals from the denial of his motion for a new trial by the trial judge. We affirm.

According special deference to the motion judge who was also the trial judge, we discern no error of law or abuse of discretion in the denial of the motion for a new trial rejecting an ineffective assistance of counsel claim. See Commonwealth v. Morin, 478 Mass. 415, 424 (2017). Nor do we discern any error from the absence of an evidentiary hearing on the motion. See Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981). We note

particularly that the judge fully credited the affidavit of trial counsel, an experienced practitioner of twenty-seven years, who candidly explained her strategic reasons for the approach she took in the cross-examination of the victim and the presentation of the defense case.  Counsel "played the few cards [she] had," Commonwealth v. Saferian, 366 Mass. 89, 93 (1974), in a calculated attempt to impeach the victim's credibility.  Although probing the minefield of the details surrounding the charged crimes carries inherent and obvious risks, we discern nothing manifestly unreasonable about the strategy aimed at exploiting inconsistencies and improbabilities in the victim's allegations.  See Commonwealth v. Haley, 413 Mass. 770, 777-778 (1992) (trial tactics questioned in hindsight "do not amount to ineffective assistance unless 'manifestly unreasonable' when undertaken" [citation omitted]).

At trial in 2022, the victim testified that in the summer of 2004 when she was seven years old, the defendant, her close relative, touched her vagina in the living room and on another occasion alternately touched her lips with his finger and penis while she feigned sleep in her bed.  These incidents occurred when the victim's mother worked nights, and the defendant was the only adult in the residence.

On cross-examination, defense counsel attempted to discredit this testimony by highlighting inconsistencies with prior statements and by providing a motive to fabricate the claims of abuse:  the victim claimed that the defendant removed her pants, but also claimed to be wearing shorts); the victim claimed the defendant inserted his finger into her vagina, but also denied any penetration; the victim claimed the defendant inserted his penis into her mouth, but also denied any penetration; the victim claimed seeing the defendant undo his pants, but also claimed that her eyes were closed; and the victim identified a sibling as a first complaint witness, but then identified someone else.  The victim, fifteen years old at the time she reported the abuse, also acknowledged on cross-examination that she had a problem with her boyfriend, and the allegations of abuse enabled her to go from "being the bad guy within a matter of hours to being a sympathetic victim."  From all of this, we discern a coherent and consistent strategy, not a manifestly unreasonable one.

Contrary to the defense claim, this case does not present as one in which defense counsel lacked any discernable strategy or conducted a completely inept cross-examination of a key witness.  Contrast Commonwealth v. Sepheus, 468 Mass. 160, 172 (2014) ("no reasonable strategic reason" for asking witness to

3

express view on defendant's guilt); Commonwealth v. Peters, 429 Mass. 22, 32 (1999) (cross-examination of victim "was inept and introduced improper fresh complaint evidence, including details, that the Commonwealth had not offered").  We also note that counsel presented a closing argument that was entirely consistent with the strategy pursued during the trial.  In her closing argument, defense counsel repeatedly emphasized that the victim "dialed back" her claims over time, that the assault in the bedroom was "physically impossible," and that the victim had achieved the desired status of a "sympathetic victim."

We disagree with the defendant's contention that counsel's cross-examination inadvertently filled significant gaps in the Commonwealth's case regarding the assault in the bedroom.  He contends that the cross-examination allowed the victim to explain how the defendant, despite his height above her lower bunk bed, bent down to assault her with his penis.  He further contends that defense counsel's repeated reference to the defendant identified him as the perpetrator when the victim never did so on direct examination.  To the contrary, on direct examination, the Commonwealth provided sufficient evidence from which the judge could infer the defendant assaulted his stepdaughter with his penis in her bedroom -- he was the only adult in the residence, and she explained the different textures

4

she felt from the alternating and distinctive touches of his finger (including fingernail) and penis on her lips.  Thus, when evidence and reasonable inferences are considered, cross-examination did not fill gaps in the Commonwealth's case.

Finally, we discern no strategic blunder in defense counsel's direct examination of the victim's stepbrother.  He provided an important part of the defense case by establishing that he never witnessed any abuse, that the victim was upset by the break-up with her boyfriend and wanted help, and that the victim and boyfriend ultimately reunited after the allegations of abuse surfaced.

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Meade, Hodgens & Allen, JJ.[1]),

Clerk

Entered:  July 2, 2026.

---

[1] The panelists are listed in order of seniority.